UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NEW HAMPSHIRE INDEMNITY
COMPANY,

    Plaintiff,

v.                                                  CASE NO: 8:11-cv-943-T-23MAP

DAVID D. SCOTT, DANIEL
C. SCOTT, and RICHARD
OULETTE, as guardian of Sarah
Hester Edwards,

    Defendants.
_____/

**ORDER**

A careful evaluation of the parties' motions for summary judgment revealed that NHIC's invocation of diversity of citizenship jurisdiction under 28 U.S.C. § 1332 likely rested on the tenuous proposition that a speculative, unfiled, third-party insurance-bad-faith action contributes to the amount in controversy in this action (which serves as a prerequisite to the bad-faith action).  An order, issued after a November 19, 2012, telephone conference between counsel for each party and the court (Doc. 101), directs NHIC to show cause why this action should not be dismissed for failure to invoke subject matter jurisdiction.  (As stated to the parties

during the November 19 telephone conference, the order on the motions for summary judgment was complete on November 19.[1]) NHIC responds (Doc. 102), and Sarah's guardian replies (Doc. 105). Scott joins (Doc. 106) the reply.

## DISCUSSION

Yesterday's order (Doc. 107) granting the plaintiff's motion for summary judgment details the facts pertinent to jurisdiction, but a brief summary follows: A third-party sues an insured for damages arising from a felony battery and robbery. The insured's policy provides liability insurance for $10,000 per person and $20,000 per occurrence. The insurer asserts that the insurance policy excludes coverage but under a general, "full" reservation of rights defends the insured against the third-party. The insurer tenders the $10,000 policy limit to the insured's father, the named insured. Days before the commencement of the trial of the third-party's action against the insured, the insurer sues in federal court for a judgment declaring an absence of a duty to defend or indemnify.

---

[1] During the November 19 telephone conference, I explained to the parties that I had completed my order resolving the motion for summary judgment but had noticed a troubling jurisdictional issue. I requested briefs on jurisdiction and fixed a briefing schedule. I have entered an order, first, on the summary judgment motion and, next, on the jurisdictional issue because, to prevent successive appeals, prudence commends an order on each. *See, e.g., Wright v. Farouk Systems, Inc.*, ___F.3d___ , 2012 WL 5948962 (11th Cir. 2012).

Several days after the November 19 telephone conversation, the parties filed (Doc. 104) notice of a settlement agreement and included a summary of certain terms of the agreement. I am comfortable with neither the necessity nor even the propriety of the parties' informing me of the terms of the settlement (especially their informing me of the disparate consequences depending on the outcome of motions pending before me). I disregarded the settlement entirely and ruled as I would have ruled without knowledge of the settlement.

The complaint attempts to invoke diversity of citizenship jurisdiction under 28 U.S.C. § 1332, which requires an amount in controversy exceeding $75,000.  The complaint's silence about the amount in controversy requires the plaintiff to prove "by a preponderance of the evidence that the claim . . . meets the jurisdictional minimum." *Federated Mut. Ins. v. McKinnon Motors*, 329 F.3d 805, 807 (11th Cir. 2003).[2]  The amount in controversy is determined as of the time NHIC commenced this action. *Freeport-McMoRan v. KN Energy*, 498 U.S. 426, 428 (1991); *St. Paul Reinsurance v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998).[3]

"The value of injunctive or declaratory relief for amount in controversy purposes is the monetary value of the object of the litigation that would flow to the plaintiffs if the injunction were granted." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 973 (11th Cir. 2002) (citing *Ericsson GE Mobile Communications v. Motorola Communications & Elecs.*, 120 F.3d 216, 218 (11th Cir.1997)).  If the plaintiff seeks a judgment declaring the absence of a duty to defend or indemnify, the amount in controversy is generally measured by the insurer's potential liability to indemnify under the policy plus the insured's cost to defend the underlying action. *Stonewall Ins. v. Lopez*, 544 F.2d 198, 199 (5th Cir. 1976).

---

[2] For the reasons detailed below, the "legal certainty" standard of *St. Paul Mercury Indem. v. Red Cab Co.*, 303 U.S. 283, 289 (1938), would not change the result of this order.

[3] For the reasons detailed below, the result of this order would be unchanged by analyzing jurisdictional facts as they exist on the day of this order.

In response to the order to show cause, NHIC argues that the requisite amount in controversy is established by (1) the value of the claim in the underlying action, (2) the value of the judgment in the underlying action, (3) the policy limit, (4) the cost of NHIC's defending Scott in the underlying action, and (5) the value of a self-described "potential" insurance-bad-faith action. For the reasons stated in Oulette's reply and explained below, none of the grounds identified by NHIC help establish the amount in controversy in this action.

First, attempting to establish that the value of the underlying claim is "in controversy," NHIC relies on *Clarendon America Ins. v. Miami River Club*, 417 F. Supp. 2d 1309, 1316 (S.D. Fla. 2006), which states that "[i]n an action by an insurance company seeking a court's declaration that [the insurance company] has no duty to defend or indemnify its insured in an underlying lawsuit, a court examines the following factors to determine the amount in controversy: (1) the coverage limits under the insurance policy; (2) the amount of damages sought in the underlying lawsuit; and (3) the pecuniary value of the obligation to defend the underlying lawsuit." Although literally true (an "examination" of each "factor" is required), the isolated quote from *Miami River Club* incompletely informs the analysis.

The amount of damages sought in the underlying action is relevant only up to the amount for which the insurer must indemnify the insured. Thus, if the value of the underlying claim exceeds the insurer's potential liability under the policy, the amount in controversy in the declaratory judgment action is the insurer's potential

liability under the policy – the policy limit. *Payne v. State Farm Mut. Auto. Ins.*, 266 F.2d 63, 65 (5th Cir. 1959); 14AA *Fed. Prac. & Proc.* § 3710 (4th ed. 2012). (Conversely, if the policy limit exceeds the value of the underlying claim, the amount in controversy in the declaratory judgment action is the value of the underlying claim. *Hartford Ins. v. Lou-Con, Inc.*, 293 F.3d 910-11 (5th Cir. 2002).) Although the value of the underlying claim far exceeds $75,000, the policy confines NHIC's liability to $10,000. Neither the underlying claim nor the excess judgment is "in controversy."

In this action, not even NHIC's $10,000 liability from the policy may be considered in determining the amount in controversy. Two days before filing the declaratory judgment action, NHIC settled with Scott's father and tendered the $10,000 policy limit, which is not "in controversy."

Next, unless expressly reserving the right for reimbursement, an insurer cannot recover from an insured the cost of defending the insured in an underlying action. The proposition holds even if the insurer wins a judgment declaring the absence of a duty to defend. *Wendy's of N.E. Fla. v. Vandergriff*, 865 So. 2d 520, 522 (Fla. 1st DCA 2003); *Colony Ins. v. G & E Tire & Serv.*, 777 So. 2d 1034, 1039 (Fla. 1st DCA 2000). The NHIC "reservation-of-rights letters" include no express reservation of the right to reimbursement. Thus, no matter the outcome in the declaratory judgment action, NHIC cannot recover the cost of defending Scott in the underlying action, which defense cost is not "in controversy."

Finally, NHIC prosecutes the declaratory judgment action to prevent a self-described "potential" bad-faith action, in which NHIC might be held liable for the $69 million excess judgment. *Dunn v. Nat'l Sec. Fire & Cas. Co.*, 631 So. 2d 1103, 1106 (Fla. 5th DCA 1993). Thus, NHIC argues that a potential bad-faith action determines the amount in controversy in this action.

When NHIC filed this declaratory judgment action, an insurance-bad-faith action was wholly speculative. First, Scott's liability to Sarah in the underlying action is a prerequisite to the bad-faith action. But no trial had occurred, no jury verdict had been rendered against Scott, no final judgment had been entered against Scott, and no appeal had been resolved against Scott. Second, Scott's prevailing in this declaratory judgment action is a prerequisite to an insurance-bad-faith action. *Hartford Ins. Co. v. Mainstream Constr. Group*, 864 So. 2d 1270, 1272 (Fla. 5th DCA 2004) (requiring a coverage determination before an action for insurance bad faith). Success by NHIC in this action estops Scott's or Sarah's guardian from prospective recovery of a judgment in a bad-faith action. Thus, NHIC argues essentially that, because the present action serves as a prerequisite to a future, speculative action, the amount in controversy in the future, speculative action controls the amount in controversy in the present action. But a declaratory judgment's attenuated, collateral consequence perforce res judicata, collateral estoppel, or stare decisis contributes nothing to the amount in controversy. *Vicksburg, S. & P. Ry. Co. v. Nattin*, 58 F.2d 979, 980 (5th Cir. 1932); Wright & Miller, 14AA *Fed. Prac. & Proc.* § 3702.5 (4th ed.

2012). The recovery available in a speculative, unfiled insurance-bad-faith action is not "in controversy" in this action. NHIC fails to establish an amount in controversy exceeding $75,000.

## CONCLUSION

This action is **DISMISSED** for failure to invoke subject matter jurisdiction. The clerk is directed to (1) terminate any pending motion and (2) close the case.

ORDERED in Tampa, Florida, on December 14, 2012.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE